HORACE FERRIS v. JOSEPH SMITH.

*Deputy Sheriff, in an action upon a receipt for property attached, a competent witness to prove seasonable demand of the property. What constitutes a record of his deputation.*

In an action upon a receipt for property attached, a deputy sheriff, to whom the execution was delivered, is a competent witness to testify that he made a seasonable demand of the property of the officer who made the attachment, and of the receiptor of the property so attached.

Where a deputy sheriff, on the first day of December, 1847, took the oath of office, and left his deputation and oath with the County Clerk for record, and paid the Clerk for recording the same, and it remained in the County Clerk's office until the August following, and the Clerk then recorded it upon a book in his office. *Held*, that though the record was perfected at a subsequent time, constructively it must be deemed to exist from the time the instrument was lodged for record, and that the officer was authorized to act as a deputy sheriff, and had competent authority to act as such, from the time he so left his deputation *bona fide* for record.

This was an action of
TROVER for personal property. Plea, the general issue and trial by jury.

The plaintiff gave in evidence an officer's receipt, executed by the defendant to the plaintiff for the property described in the declaration, and also the record of a suit and judgment, in Chittenden County Court, in favor of J. & J. H. Peck & Co. against one Benjamin Wells, recovered at the September term, 1847, of said court, for the sum of $167,80 damages and costs, and proved that the property in question was attached by the plaintiff, as sheriff of Chittenden County, on the writ in said suit, as the property of the said Wells to whom it belonged, and was receipted by the defendant, as above stated, and that within thirty days after the rendition of said judgment, the plaintiff therein, took out an execution thereon, in due form of law, and placed the same, within the thirty days, in the hands of L. P. Blodgett, then sheriff of said county, for collection, by whom it was received ; and he handed it for collection to one J. C. Griffin, then acting as deputy sheriff under said Blodgett. The plaintiff then called said Griffin, as a witness, to prove a demand upon the plaintiff and defendant, of the property in question, upon the receipt and execution within thirty days from the rendition of said judgment.

The defendant objected to the testimony of the said Griffin, upon the ground of interest, as he was the person to make the demand. The court overruled the objection and admitted the testimony, no facts appearing to show him in interest.

The testimony of the said Griffin proved, that after receiving the said execution from the said Blodgett as aforesaid, and within thirty days after the rendition of said judgment, he called at the house of the plaintiff for the purpose of making a demand upon the plaintiff for said property, but found the plaintiff absent from home. That two days after, he received the said receipt by mail, enclosed in a letter from the son of the plaintiff, and afterwards, within thirty days from the rendition of said judgment, and on the third day of January, 1848, he made a demand of the property in question, on the receipt from the defendant, who failed and refused to deliver any part of it, alledging as a reason, that he had none of it in his possession, it having been taken away and disposed of by the said Wells. And that after such demand upon the defendant, and within the thirty days after the rendition of said judgment, the said Griffin demanded the property of the plaintiff, who likewise failed and refused to deliver it. It also appeared that the said execution was duly returned by the said Griffin within its lifetime, unsatisfied, except for the sum of $25,16 indorsed thereon, being the proceeds of certain other property. And that in holding and returning said execution, and making said demands, said Griffin acted as deputy sheriff under said Blodgett.

The defendant then proved, that at the time of the execution of said receipt, the whole of said property went back into the possession of said Wells, and was disposed of by him, and that the said defendant never afterwards had possession of any part of it, that during the time when said Griffin held said execution, and made said demands upon the plaintiff and defendant for said property, as aforesaid, neither the deputation nor oath of office of said Griffin, as deputy sheriff under said Blodgett for that year, had been recorded in the County Clerk's office, or by the County Clerk of said County of Chittenden, that the same were not so recorded until sometime in the August following, though said deputation had been made out and was in said Clerk's office in August, 1848; that no minute was made on said deputation, by said Clerk or otherwise, of the same being left for record, nor was any other minute

made thereon, except the words "*Fees paid,*" previous to August, 1848.

The plaintiff recalled the said J. C. Griffin, who testified that said deputation was made out and the oath of office taken, on the first day of December, 1847, (being the day of said Griffin's appointment as deputy sheriff as aforesaid,) that said deputation was on that day left by said Griffin with said clerk, for the purpose of being recorded, and with instructions to record it, that the fees for recording the same were paid by him, and that said deputation had remained in said office ever since. The defendant objected to the foregoing testimony of the said Griffin on the ground of interest. The court overruled the objection.

Upon the foregoing facts, the court held *pro forma,* that the plaintiff was entitled to recover, and a verdict for the plaintiff was taken. Exceptions by the defendant.

*D. A. Smalley* for defendant.

This case presents three questions for the decision of this Court.

1. Was Griffin legal deputy sheriff when he received the execution from Blodgett, and demanded the property of plaintiff and of the defendant.

The statute is imperative that the deputy " before he proceeds " to act, shall cause to be recorded his deputation and certificate of " his oath of office," and unless he does so, " his official acts shall " not be valid." Comp. Laws, Page 97, Sec. 5.

The leaving of the deputation with the clerk, and paying the fees, can in no sense be regarded as a compliance with the statute.

The matter is one of mere statutory regulation, and in all analagous cases, the courts in this State have held, that the leaving the paper with the recording officer, and his filing it " received for record," was insufficient where the statute required a record to give it validity. *Burton* v. *Pond,* 5 Day, 160. *Carpenter* v. *Sawyer et al.,* 17 Vt. 121. *Morton & Clark* v. *Edwin,* 19 Vt. 77.

In this case no record was made from 1st December to August; and if Griffin could legally act during all that time, it is not *necessary* that a record should ever be made.

2. If Griffin was not a legal deputy sheriff, he had no authority to collect the execution. He could not levy it on any property —nor had he any authority to demand payment upon it or dis-

charge it. His demand upon the plaintiff and defendant was nugatory. He has no authority to receive the property or dispose of it, to satisfy the debt. There is no pretence that he was acting as the mere private agent of Blodgett, the sheriff. He was acting entirely in his supposed official capacity, and if that fails, he was acting without authority. *Bliss* v. *Stevens*, 4 *Vt.* 88. *Allen* v. *Carty*, 19 *Vt.* 65. *Chadwick & Co.* v. *Divoll*, 12 *Vt.* 499.

3. The witness, Griffin, by whom the plaintiff proves the facts relied upon as a recording of the deputation, was clearly interested. It was his duty to cause the proper record to be made. If he had not done so, he was liable for the loss sustained by the consequent failure of this suit.

A judgment for the plaintiff would *bar* that liability, and be conclusive evidence in his favor;—and that judgment was obtained solely upon his testimony.

*S. Wires* and *W. W. Peck* for plaintiff.

1. Griffin, by leaving his deputation and the certificate of his oath of office in the County Clerk's office, with the County Clerk, with instructions to record them, and the recording fees; and the latter having received them for that purpose, "caused the deputation and certificate to be recorded" within the Statute, (Comp. Statutes, ch. 13, sec. 5;) and became thereby an *officer de jure.* *Marbury* v. *Madison*, 1 Cranch. 137, 154 and 161. *Evans* v. *Thomas*, 2 Strange 833. *Jones* v. *Randall*, Cowp. 17. *Beals* v. *Langstaff*, 2 Wils. 317. *Baldwin* v. *Prouty*, 13 Johns. 430. *Blood* v. *Morrill*, 17 Vt. R. 598.

2. If Griffin was not an officer *de jure*, he was one *de facto*, and his acts under the execution were valid as to these parties. —— v. ——, 3 Barn. & Ald. 266. *People* v. *Collins*, 7 Johns. 549. *People* v. *White*, 24 Wen. 525. *People* v. *Stevens*, 5 Hill, 629. *People* v. *Hopson*, 1 Denio. 574. *Tucker* v. *Aiken*, 7 N. Hamp. 131. *Gregor* v. *Balch*, 14 Vt. R. 428.

3. If Griffin's acts cannot be treated as valid, as those of an officer, he may be considered as the servant of the sheriff Blodgett, and his acts as those of the sheriff in making the demand under the execution and receipt.

The opinion of the court was delivered by

ROYCE, Ch. J.   Whether trover is a proper form of action upon the facts of this case, has not been made a question in the argument.   That it would lay against Wells, the debtor, for his actual disposition of the property, cannot be doubted.   And it is probably a legitimate conclusion from authority, that if the plaintiff had a right to recover in any form of action, against this defendant, he was at liberty to elect between trover for the property, and assumpsit upon the defendant's receipt:—that the surrender of the property to Wells being unauthorized by the plaintiff, and made at the defendant's risk, the conversion of it which ensued was properly chargeable upon him.

The objection to the competency of Griffin as a witness for the plaintiff, is answered by the case of *Allen* v. *Carty et al.*, 19 Vt. 65.

The important question in the case, is, whether Griffin had authority to demand the property.   In making the demand upon the defendant, Griffin could doubtless be regarded as the plaintiff's agent for that purpose.   The plaintiff, or those acting for him in his absence, sent the defendant's receipt to Griffin, expressly to enable him to pursue and demand the property upon it.   By the terms of that receipt the defendant had undertaken to return the property to the plaintiff, or the bearer of the receipt, on demand. The plaintiff was not bound to await the issuing of execution or the recovery of judgment, by the attaching creditors against Wells, but could lawfully demand a return of the property at any time. And as he could do this without legal process, so he could make the demand in person, or by any private agent entrusted with the receipt for the purpose of making it.   It is true that Griffin professed to act in the matter as deputy sheriff; but if he had not the authority of that office, the law would sooner refer his act to another right or capacity which might render it effectual, than suffer it to be unavailing and nugatory.

And perhaps upon similar considerations the demand upon the plaintiff could also be sustained, by treating Griffin as having made it in the character of a mere agent or servant of Blodgett, the sheriff.   But the argument has been mainly directed to the question of Griffin's authority as a deputy sheriff; and we think the validity of the demand (on the plaintiff especially,) more properly depends upon that question.

As he had been appointed to the office, and had for some time

assumed to discharge the duties of it, he would on common principles, be regarded as at least an officer *de facto*, whose acts would be valid as between these parties. *Rex* v. *Lisle*, 2 Str. 1090. *McGregor* v. *Balch*, 14 Vt. 428. By the statute, however, it is not enough that a sheriff's deputy be appointed, commissioned and sworn;— another requisite is added,— that before he proceeds to act, he cause to be recorded his deputation and the certificate of his oath of office. Until this is done, it is expressly enacted that " his official acts shall not be valid.'' And to hold that without a compliance with this requisition, the official acts of the deputy are available between third persons, as being those of an officer *de facto*, would be to annul this enactment in a great majority of the cases to which its terms are applicable. We must therefore regard the enactment as having been purposely interposed in the case of a deputy sheriff thus situated, to prevent any such construction in support of his acts in that character.

It remains to be determined whether the deputation and certificate were seasonably recorded. For the defendant it is claimed, that nothing short of a full enrollment in the County Clerk's book of records could have any effect under the statute. The plaintiff insists, that by lodging the papers in the office of the clerk to be recorded, and paying the fees for recording, Griffin became qualified to act officially; and that the record afterwards made, took effect by relation from the time of so lodging the papers for record. The distinction is between those cases where the record is made essential in working a transmission of title, or in creating or defeating a right, and those where it is required for the purpose of public notice. In cases of the former class,— as the levy of an execution upon real estate, nothing is effectually accomplished, until the necessary records are completed. *Morton & Clark* v. *Edwin*, 19 Vt. 77. But in those of the latter class, where the title is passed, or the right acquired, by act of the parties, as in the conveyance of real estate by deed, though a record is necessary, in order to give full effect to the transaction for collateral purposes, it is made so as the medium of general notice. And as a public recording office is a place where all persons have the right to apply for information, as well in regard to instruments lodged there for record, as to the records already made, the act of a party in lodging the evidence of his title in such an office, for the *bona fide*

purpose of having it recorded without delay, and the reception of it by the recording officer for the same purpose, are held to operate like the record itself, as notice to third persons. In other words, the deed or instrument thus deposited and received, is deemed to be of record, or recorded. *Marbury* v. *Madison*, 1 U. S. Cond. R. 273–4. This is on condition, to be·sure, that a full and proper record be ultimately made, and that the party shall in no way interfere to prevent or delay the making it. *Sawyer & Rogers* v. *Adams*, 8 Vt. 172. Now it is certain that Griffin became fully invested with his office by the concurrent acts of the sheriff and himself. *Marbury* v. *Madison, ut supra.* The record enjoined by statute had no efficacy in creating or conferring it. And the, only object of the statutory provision was, to furnish to the public timely and incontestable evidence or notice of his appointment and authority to act. The reasons for the enactment with such a purpose in view, are strong and obvious ; for it deeply concerns the public to know who are empowered to act as executive officers, and for whose acts in such a capacity the sheriff of the county is responsible. But notice being the whole object of the requirement, we consider that this case is evidently to be ranked in the second class before mentioned, where the record, though perfected at a subsequent period, is constructively deemed to exist from the time of lodging the instrument for record. It follows, that at the time of demanding the property in this instance, Griffin was authorized to act as a deputy sheriff, and had competent authority to make the demand.

Judgment of the county court affirmed.