### WILLIAM JEFFERSON *v.* THE STATE OF MISSISSIPPI.

CRIMINAL LAW — INDICTMENT UNDER FIRST CLAUSE OF ART. 18, P. 575, REV. CODE OF 1857 — CASE AT BAR. — Where the indictment charged "that William Jefferson, * * * with force and arms, * * * did then and there willfully shoot at William Smith, against the peace," etc., and after the testimony was closed, and the district attorney had commenced his argument to the jury, the defendant made a motion to quash the indictment, and, after verdict against him, moved for a new trial, and then moved in arrest of judgment, all which being refused, and the case being brought here by writ of error, the court waived a discussion of the sufficiency of the indictment, but expressed grave doubts on this point, and reversed the judgment of the court below, and dismissed the indictment.

ERROR to the circuit court of Lawrence county.  SMILEY, J.

The opinion of the court states all the facts upon which it is expressed.

*B. Taylor*, for plaintiff in error,
Contended that the indictment is defective, charging no offense, and that it should be quashed and the prisoner discharged.

*J. S. Morris*, Attorney-General.
The indictment in this case is based on the Revised Code of 1857, p. 575, art. 18 (Rev. Code of 1871, § 2497), and charges the offense in the exact words of the statute.  This is all that the authorities respecting indictments for statutory offenses require.  2 Bishop's Cr. Pr., §§ 131–141, 142, and authorities there cited.

Under a similar statute in Pennsylvania, this form of indictment was held sufficient.  Stout v. Commonwealth, 11 Serg. & Rawle, 177; 19 Ala. 552; 2 Humph. 78.  See, also, 24 Vt. 27; 8 Porter, 472; 4 Metc. (Mass.) 357; 2 Ala. 340; 3 ib. 465; 12 Wheat. 460; 2 Gray, 357; 23 Miss. 525; 4 Porter (Ala.), 397, 410.  And see, also, Miller v. People, 2 Scam. 233; Quigley v. People, ib. 301.

There are other authorities to the contrary; but, I submit, that sound sense and reason is in favor of sustaining indictments, which, when founded on statutes, follow the words of the statute.

TARBELL, J. :

This case comes to the supreme court from the circuit court of Lawrence county upon the sufficiency of the indictment; the testimony is not sent up.  It appears from the record that the plaintiff in error was indicted at the —— term, 1871, of the court below, for a violation of the first clause of art. 18, p. 575, Code of 1857, in the following words: "That William Jefferson * * * with force and

arms * * * did then and there willfully shoot at William Smith, against the peace and dignity of the state of Mississippi," which is a literal observance of the general rule that indictments upon statutes must pursue the precise and technical language employed in the statute in the definition or description of the offense. 5 How. 242 ; 13 Smedes & Marsh. 263 ; 23 Miss. 525 ; 26 ib. 51 ; 42 ib. 328.; 19 Ala. 552 ; 24 Vt. 27 ; 2 Gray, 357 ; 2 Bish. Cr. Pr.

The sufficiency of the indictment was not presented until after plea and after the testimony had been closed, when the court overruled a motion to quash made after the district attorney had opened his argument to the jury. The decision of the court is stated in the record to have been based upon the ground that the question was raised too late in the progress of the cause. By reference to art. 268, p. 616, Code of 1857, it will be seen that all objections to any indictment, for any formal defect, shall be taken, in other cases than capital, before the jury shall be impaneled, while objections to matters of substance must be made, to be available, before verdict, according to art. 7, p. 573, Code of 1857. In this case the indictment was questioned by motion to quash before verdict, again on an application for a new trial, and the third time on a motion in arrest of judgment, the latter being a very common, if not the most usual mode, of taking advantage of defects of substance in indictments and criminal proceedings, though this method has been greatly restricted by statute, as above, in this and in other states, as well as in England. 1 Bish. Cr. Pr., §§ 850–855. Notwithstanding the apparently broad and sweeping provisions of the Code (art. 7, p. 573), the motion in arrest of judgment is permitted in practice in this state to test the merits of indictments in matters of substance, and for other causes. So, the motion to quash, by the common practice in this state, is treated as a demurrer, and the action of the court is the subject of review on error, though, by the text-books, action thereon is strictly discretionary.

Without attempting to state fully the practice in this class

of cases, by defining with precision the objections to indict-
ments and criminal proceedings, which must be submitted
before verdict, or which may be ascertained on a motion
in arrest, and waiving at this time a discussion of the suf-
ficiency of the indictment in the record before us, in the
light of the authorities and precedents, we observe that we
have examined upon the subject both the English and Amer-
ican cases and practice, with grave doubts of the sufficiency
of this indictment.   The statute itself, upon which it is
framed, is loose, and to sustain this indictment would lead
to great laxity and uncertainty in criminal practice, greatly
to be deprecated, and, if possible, prevented, in the interest
of justice and personal rights.  . We have concluded to
reverse the judgment and dismiss the indictment in this case,
with directions to the authorities of Lawrence county to
detain the accused in custody until the next term of the
circuit court of that county, and that his case be then re-sub-
mitted to the grand jury, in order, if he shall be again pre-
sented, to enable the district attorney to prepare an indict-
ment more fully describing the offense.

*Ordered accordingly.*