# PATRICK RYAN

*v.*

# ANDREW LYNCH *et al.*

1. CONSTITUTIONAL LAW—*passage of statutes*. Where a bill for an act was passed by the House of Representatives, but in the Senate was not read on three different days, and was not passed by a vote of the ayes and noes, as required by the constitution of 1848, it was *held*, that it never became a law, and was a nullity, although it was reported back to the House as having passed the Senate, and was enrolled and approved by the Governor.

2. EVIDENCE—*as to the passage of a law*. The certificate of the Secretary of State, showing what proceedings were had in either branch of the General Assembly in relation to the passage of a bill, is competent evidence to show whether or not the same was passed in the constitutional mode; and where such certificate, in due form, purports to give all the proceedings, there can be no inference that any other proceedings were had in relation to the passage of the bill.

3. MUNICIPAL BONDS—*whether void or voidable*. Where bonds of a municipal corporation are issued without any power or authority in law, as, under what purported to be a law, but which was not passed in the constitutional mode, they are absolutely void, no matter in whose hands they

may be; but if the legal power or authority to issue them existed, but was defectively or irregularly executed, they are only voidable, and an innocent holder may collect them. Where they are void, no subsequent act or recognition of their validity by the municipal authorities can estop the tax-payers from denying their legality.

4. Parties in chancery—*when numerous and unknown.* The general rule in equity is, that all persons who have any substantial, legal or beneficial interest in the suit, should be made parties; but where such persons are very numerous, or are unknown, so that the rule becomes impracticable, or extremely inconvenient, the court will dispense with it.

5. Thus, on a bill in equity by certain tax-payers of a township to restrain the collection of a tax for the payment of interest on bonds of the town which were void, where it appeared that the holders of such bonds were numerous and unknown, it was *held,* that the relief sought could not be denied for the reason that the holders of the bonds were not made parties to the bill.

Writ of Error to the Circuit Court of La Salle county; the Hon. Edwin S. Leland, Judge, presiding.

This was a bill in chancery, filed by Andrew Lynch, Silas W. Cheever, John Hossock, Hugh Hamilton, and Joseph Stout, tax-payers and residents of the town of Ottawa, in La Salle county, Illinois, against Patrick Ryan, collector, to restrain the defendant from the collection of a tax levied to pay interest on one hundred and fifty bonds of $1000 each, purporting to be the bonds of the township. The facts appear in the opinion.

Mr. Charles F. Butler, for the plaintiff in error.

Mr. D. P. Jones, for the defendant in error.

Mr. Justice Scholfield delivered the opinion of the Court:

This was a suit in equity, by the defendants in error against the plaintiff in error, to enjoin the collection of a tax which had been levied for the payment of the interest upon certain bonds issued by the supervisor and town clerk of the town of Ottawa, in aid of the Ottawa, Oswego and Fox River Valley Railroad Company.

11—68th Ill.

The principal ground upon which the relief sought by the bill was claimed is, that the act of the General Assembly, pursuant to the provisions of which the bonds were issued, was not enacted in conformity with the requirements of the constitution.

The court below rendered a decree sustaining the injunction, and this writ of error is prosecuted to reverse that decree.

The act of the General Assembly in question is entitled "An act authorizing certain cities, counties, incorporated towns and townships, to subscribe to the stock of certain railroads." Approved Feb. 18, 1857. Public Laws 1857, 225.

It was proved on the trial of the case, by the certificate of the Secretary of State, that the bill for this act, having passed the House of Representatives, was sent to the Senate, and there read the first and second times by its title, and referred to the committee on banks and corporations; that it was then reported back to the House of Representatives as having passed the Senate, and that it was subsequently reported as having been correctly enrolled, and approved by the Governor. The certificate purports to give full and true copies of the journals of the Senate and House of Representatives, so far as the same relate to the passage of the bill.

It is argued by the counsel for the plaintiff in error that this evidence is insufficient to prove that the law was not properly enacted, because, as he insists, it is not competent to prove, by the certificate of the Secretary of State, the non-existence of any particular fact; and that it can only be proved that the bill was not read three times in the Senate and passed in the manner required by the constitution, by an inspection of the original journal itself, or by the sworn testimony of one who has examined it.

We are unable to yield our assent to the force of this objection.

The constitution of 1848, art. 3d, sec. 8, requires that each House shall keep a journal of its proceedings. And it is provided by statute—Gross' Stat. 1869, p. 680–1, sec. 7—that "all public acts, laws and resolutions that have been or shall be passed by the General Assembly of this State, shall be carefully deposited in the office of the Secretary of State; and the Secretary of State is hereby charged with the safe-keeping of said office, and all laws, acts, resolutions and records deposited, or which shall hereafter be deposited therein."

By sec. 8, that "the Secretary of the Senate and Clerk of the House of Representatives, at the close of each session of the General Assembly, shall deliver to the Secretary of State all books, bills, documents and papers in the possession of either branch of the General Assembly, correctly labelled, folded and classed, according to the subject matter of such documents, respectively; and the Secretary of State is hereby required to file the same in his office."

And by sec. 9, "That copies of all bonds, papers, writings and documents legally deposited in the office of the Governor or Secretary of State, when certified by the Secretary of State and authenticated by the seal of his office, shall be received in evidence in the same manner and with the like effect as the originals."

These provisions are broad enough in their terms, and we have no doubt they were intended by the Legislature to embrace the journals of each house of the General Assembly. The certificate in evidence conforms to the requirements of the 9th sec. and was competent proof of the facts therein recited. It proves what proceedings were had in the Senate in relation to the passage of the bill; and there can be no inference that any other proceedings were had, for it is shown that all are given that relate to the subject.

It is further argued by the counsel, that the defendants in error, as residents and tax-payers of the town of Ottawa, are estopped from claiming that the bonds are void, because they

have passed into the hands of innocent holders, and the town of Ottawa has paid interest upon them. If the bonds are voidable merely, this is true, but if they are absolutely void, it is not.

If the bonds were issued without any power or authority in law authorizing them to be issued, they are absolutely void; but if the legal power or authority to issue them existed, but was defectively or irregularly executed, they are only voidable, and an innocent and *bona fide* holder would be entitled to collect them. This distinction has been repeatedly recognized by this court, as well as by the Supreme Court of the United States. *Clark* v. *Board of Supervisors of Hancock County*, 27 Ill. 308; *Johnson* v. *Stark County*, 24 ib. 75; *Schuyler County* v. *The People*, 25 ib. 185; *Board of Supervisors* v. *Weider*, 64 Ill. 427; *North* v. *Fulton County*, 10 Wallace, 683.

In this case, the only power or authority in law, justifying the issuing of the bonds, is the act of 18th of February, 1857, which we have seen was not read on three different days, nor was it passed by a vote by the ayes and noes in the Senate. Art. 3d, sec. 21, Const. of 1848, requires that "on the final passage of all bills the vote shall be by ayes and noes, and shall be entered on the journal; and no bill shall become a law without the concurrence of a majority of all the members elect in each house." And the 23d section of the same article requires that "every bill shall be read on three different days in each house, unless, in case of emergency, three-fourths of the house where such bill is so depending shall deem it expedient to dispense with this rule."

The bill, therefore, never became a law, and the act conferred no power or authority whatever to issue the bonds. It was as completely a nullity as if it had been the act or declaration of an unauthorized assemblage of individuals. *Spangler* v. *Jacoby*, 14 Ill. 298; *The People, etc.* v. *Starne*, 35 ib. 121.

It follows, that the bonds were not merely voidable, but that they were absolutely void for the want of power or

authority to issue them; and, in consequence, no subsequent act or recognition of their validity could so far give vitality to them as to estop the tax-payers from denying their legality.

It is also argued by the counsel, that the decree should be reversed because the bondholders were not made parties.

The general rule is, that all persons who have any substantial, legal or beneficial interest in the suit should be made parties; but where such persons are very numerous, or are unknown, so that the rule becomes impracticable or extremely inconvenient, the court will dispense with it. See Story's Equity Pleading, sec. 117, *et seq.* In *Marshall* v. *Silliman et al.* 61 Ill. 218, which was analogous in this respect to the present case, this same objection was urged as a ground of reversal, but it was disregarded by a majority of the court.

It is alleged in the bill that the complainants do not know, and are unable to ascertain, who are the holders of the bonds. If this be true, and we have found nothing in the record disproving it, to hold that the complainants are not entitled to relief until these persons shall be made parties, would virtually deny all relief. We think the case is clearly within the recognized exception to the general rule which we have stated, and that the holders of the bonds were not indispensable parties.

Perceiving no error in the record, the decree of the court below is affirmed.                    *Decree affirmed.*