GEORGE O. BARNES

*v.*

THE TOWN OF LACON.

1. MUNICIPAL SUBSCRIPTION—*without vote of the people.* A vote of the people of a town to subscribe to the capital stock of a railroad company, in the absence of any law authorizing such vote or subscription, is not binding upon the town.

2. SAME—*legalization of void subscription.* Where an election for the purpose of voting upon a subscription to a railroad company is held without any authority of law, and in pursuance of a vote at such election a subscription is made by the supervisor of the town without any authority of law, the whole proceeding is void, and the legislature can not, by any subsequent act, legalize the same.

3. The legislature has no power to authorize the supervisor and town clerk of a town to create a corporate debt, without the consent of the people, expressed at the polls.

4. MUNICIPAL BONDS—*in hands of purchaser for value.* If municipal bonds are merely voidable, they may be enforced in the hands of an innocent purchaser for value, but if they are absolutely void, they can not be enforced either by the original holder or a purchaser for value.

5. SAME—*holder bound by recitals.* Where a municipal bond contains a recital that it is issued in payment of a subscription made in pursuance of a vote of the people at an election therein specified, and there was no law authorizing such election and subscription, the holder has notice, by such recital, of the illegality of such subscription.

APPEAL from the Circuit Court of Marshall county; the Hon. JOHN BURNS, Judge, presiding.

Messrs. BARNES & MUIR, for the appellant.

Messrs. BANGS, SHAW & EDWARDS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the 22d day of December, 1868, an election was held in the town of Lacon, Marshall county, at which a majority of the votes cast were in favor of a subscription, by the town, of $60.000 to the capital stock of the Hamilton, Lacon and Eastern Railroad Company. At the time the election was called and held, no law was in force which authorized the election or conferred power upon the town to vote upon the question, or in any manner to become a stockholder in the railroad company.

On the 5th day of March, 1869, the legislature passed an act for the purpose of legalizing the election, the first section of which declared: "That the election held at a town meeting in and for the township of Lacon, in the county of Marshall, and State of Illinois, at which a majority of all the votes cast were for a subscription of $60,000 to the capital stock of the Hamilton, Lacon and Eastern Railroad Company, is hereby legalized and made binding and valid, notwithstanding there was no law existing, at the time said election was held, authorizing the people of said township to vote for subscription to the capital stock of said company; and the supervisor of said township is hereby authorized and empowered to make a binding and valid subscription for said capital stock, and issue the bonds of said township therefor, according to the terms of the notice, in pursuance of which said town meeting and election for stock was held; and no error, omission, mistake or other informality shall be held to affect or invalidate said subscription or said bonds; and all courts and tribunals shall liberally construe all acts, things and proceedings pertaining to said election, and the subscription for said stock and issuing of said bonds, so as to carry out the will of the people thus expressed." And the act declares "a majority of all the votes cast were for subscription." Private Laws, 1869, vol. 3, p. 375.

After the passage of this act, and on the 5th day of April, 1869, the supervisor of the town of Lacon subscribed $60,000 to the capital stock of the railroad, on the books of the company.

In pursuance of the subscription so made, on the 1st day of March, 1871, the supervisor and town clerk of the town issued and delivered to the railroad company sixty bonds, of $1000 each, with coupons attached, providing for the payment of annual interest, at the rate of ten per cent. The appellant purchased one of the coupons, and brought this action against the town, to recover the amount due thereon.

At the time the election was held, in 1868, the voters of the town of Lacon were not authorized by law to vote upon the question of the town becoming a stockholder in the railroad company, and a vote of the people of the town, in the absence of a law conferring the power, could not be binding on the town. The vote was a mere void proceeding, unknown to the law, and could bind no one. Until the legislature had conferred the authority, the town was powerless to vote, take stock, or issue bonds to the company.

But the question arises, whether the curative act, so called, passed in 1869, can be regarded as giving vitality to the vote or conferring power on the supervisor and town clerk to make the subscription or issue the bonds. This is not a new question in this court. The precise point here presented arose in *Marshall* v. *Silliman*, 61 Ill. 218, where a vote had been had in the town of Brimfield, resulting in favor of a subscription to the capital stock of a railroad company, at a special town meeting, called on the application of twelve voters, under the general Township Organization Law, which conferred no authority whatever on the township authorities to hold the election, but which election and vote were subsequently attempted to be legalized by act of the legislature. It was there held, the legislature had no power under the constitution to pass a law rendering the election and subscription valid, as the effect would be to compel a municipal corporation to incur a debt for purely a local municipal purpose. It was also held, the legislature has

no power to authorize a supervisor and town clerk to create a corporate debt without the consent of the people, expressed at the polls, as the power to impose taxes or to create a corporate debt is not incident to their powers.    The decision is conclusive of the question here presented, and it is not necessary to repeat the reasoning upon which it is based, or go over the ground again.    The authorities bearing upon the question are all referred to in the opinion, and under the rule there announced we must hold the curative act, relied upon here, unconstitutional and void.

But it is urged by appellant, that he is an innocent purchaser for value, and as such is entitled to be protected.    If the bonds were voidable merely, this position might be maintained; but they are absolutely void, and can not be enforced in the hands of the original owner or a purchaser for value. Where bonds have been issued without power or authority of law authorizing their issue, they are absolutely void; but where the legal power or authority to issue them existed, but was defectively or irregularly executed, they are only voidable, and an innocent and *bona fide* holder would be entitled to collect them.    *Ryan* v. *Lynch*, 68 Ill. 160, and cases there cited. This rule is well settled in this and other courts.

The position of appellant is, however, untenable upon another ground.    The bonds contain a recital on their face, that they are issued in payment of a subscription made by the town of Lacon, by virtue of a vote of a majority of the voters, at a special election held in said town on the 22d day of December, 1868.    This was notice to the purchaser, when he was informed by the recital in the bonds that they were issued in pursuance of a vote of the people at an election held at a specified time, and there was no law in existence authorizing the election to be held at that time.    As he can not claim to be ignorant of what the law was, he was bound to take notice of the illegality of the election.

If we are correct in these views, it follows that appellant's replication to the defendant's special plea was not sufficient,

and the decision of the court in sustaining the demurrer was correct.

The judgment will, therefore, be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY did not participate in the decision of this case.