HUSSEY *v.* STATE.*

(Division A. Nov. 1, 1926.)

[109 So. 871. No. 25899.]

1. ASSAULT AND BATTERY.

Indictment for simple assault *held* sufficient without allegation of manner and means of alleged assault.

2. CRIMINAL LAW. *Instruction in prosecution for simple assault, if erroneous for failure to set forth manner and form of assault, held cured by instruction thereon for defendant.*

Instruction in prosecution for simple asssault, if erroneous for failure to set forth manner and form of assault, was cured by instruction for defendant specifically advising jury of manner and form in which they must believe assault was committed.

---

*Corpus Juris-Cyc References: Assault and Battery, 5CJ, p. 764, n. 83; p. 767, n. 16, 17; p. 803, n. 59. Criminal Law, 16CJ, p. 1053, n. 93. Sufficiency of indictment for assault, see 2 R. C. L. 570.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

T. M. Hussey was convicted of a simple assault, and he appeals. Affirmed.

*Mitchell & Mitchell,* for appellant.

The indictment charges no offense and the demurrer interposed thereto should have been sustained. While the charge intended to be contained in the indictment is a misdemeanor, yet it is well settled that even in misdemeanors the indictment must be full enough to inform the defendant of the exact charge preferred against him. While in the instant case the testimony tends to show that appellant threw a small rock toward the car in which Weaver was riding at the time; yet, under this indictment as it stands, the state could have introduced testimony tending to show any other character of assault occurring within two years before the finding of the indictment. Appellant was entitled to know the particular assault with which he was charged in order that he might properly prepare his defense thereto. He was entitled to know the exact nature and cause of accusation against him, not only in order that he might properly prepare his defense thereto, but also that he might be able to plead former acquittal or conviction in case he was afterwards tried for the same offense. *Murphy* v. *State,* 24 Miss. 590; *Norris* v. *State,* 33 Miss. 373.

In *Jefferson* v. *State,* 46 Miss. 271, the indictment was much more specific than in the instant case; yet this court held that "to sustain this indictment would lead to great laxity and uncertainty in criminal practice, greatly to be deprecated and, if possible prevented, in the interest of justice and personal rights." The indictment was dismissed.

Again the instruction given the state in this matter tells the jury that if they believe from the evidence beyond a reasonable doubt that defendant made an assault on Fred Weaver at the time and place and in the manner and form as charged in the indictment, then they should find the defendant guilty as charged. Where does the indictment charge any manner and form except that defendant made an assault on Weaver? We submit

that the instruction for the state should have contained some facts informing the jury as to what constitutes an assault.

The indictment was insufficient; it charged no offense; it did not inform defendant of the exact nature of the charge upon which he was to be tried; a plea of former acquittal or conviction cannot be based thereon and the judgment of the court below should be reversed and the demurrer to the indictment sustained.

*Rufus Creekmore,* Special Agent, for the state.

The charge of which the defendant was convicted is a misdemeanor. The same degree of certainty and exactness is not required of an indictment charging the commission of a misdemeanor as of those charging the commission of a felony. It is sufficient that the offense committed be substantially charged and precise, exact, or technical terms are not necessary. Bishop's New Criminal Procedure (2 Ed.), p. 277, sec. 321; *Sowell* v. *State,* 102 Miss. 599, 59 So. 848.

Where the offense is a simple assault, the indictment is sufficient if it alleges merely that the defendant made the assault. See 2 R. C. L., sec. 49 at p. 570; 5 C. J., sec. 277, p. 764, and cases there cited. And even in cases of assault and battery it has been held that an indictment charging that "A. B. did *assault and beat* C. D." is sufficient even though it does not particularize in any way as to how the beating was administered, whether with sticks, knives, or weapons of any kind. *Smith* v. *State* (Ala.), 26 So. 641. For a good statement of the rule, see *State* v. *Clayton,* 100 Mo. 516, 18 A. S. R. 565 at 566. See, also, *Martin* v. *City of Laurel,* 106 Miss. 357, 65 So. 670.

Counsel cite *Jefferson* v. *State,* 46 Miss. 271, as sustaining their contention. In that case it will be noted that the indictment did not charge that an *assault* was made on anybody, but it merely charged that the de-

fendant "with force and arms did *shoot* at W. S." The question which the court would there have for decision would be whether the words "shoot at" would sufficiently import that an assault had been made and manifestly the reasoning of the court would not be applicable if the indictment had specifically charged an assault to have been made. See C. J., sec. 277 at p. 765.

The defendant cannot object to and has been in no wise prejudiced by reason of the instruction granted the state because the first instruction requested by him and granted by the court charges the jury that before the defendant could be convicted the jury had to believe beyond a reasonable doubt that the defendant threw the rock at Weaver with the intention of hitting and injuring him.

This case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for a simple assault.

The indictment charges that the appellant "in and upon one Fred Weaver then and there did wilfully and unlawfully make an assault  .  .  .   against the peace and dignity of the state of Mississippi."

A demurrer to this indictment was overruled and one of the instructions for the state charged the jury to convict the appellant in event they believed, from the evidence, that he "made an assault on Fred Weaver at the time and place and in the manner and form charged in the indictment."

The assignment of error challenges the overruling of the demurrer and the granting of this instruction.

The appellant's contention in support of his demurrer is that the indictment did not inform him "of the nature of the offense with which he is charged," in that it "fails to set out the manner and means of the alleged assault." An indictment for a simple assault is "suffi-

cient which merely alleges that defendant made an assault." (5 C. J. 764, 2 R. C. L. 570, Bishop's Directions and Forms [2 Ed.] 102), and "it is not necessary . . . to allege the means or instrument used in making the assault where it is not an essential ingredient of the offense, or to aver the particular manner in which a weapon was employed" (5 C. J. 767).

The case of *Jefferson* v. *State,* 46 Miss. 270, relied on by the appellant, deals with the sufficiency of an indictment under a statute, and is not controlling here.

The appellant's objection to the instruction hereinbefore referred to is that neither it, nor the indictment to which it refers, sets forth the "manner and form" of the assault with which he is charged. Assuming merely for the sake of the argument that the instruction is erroneous in this respect, the error was cured by the first instruction, granted, at the request of the appellant wherein the jury were specifically advised of the "manner and form" in which they must believe the assault was committed before they could convict the appellant.

*Affirmed.*