CRAWFORD *v.* STATE.[*]

(Division B. May 16, 1927.)

[112 So. 681. No. 26399.]

1. INDICTMENT AND INFORMATION. *Indictment, charging indecent assault, held good as for assault and battery; balance being surplusage.*

Conviction under indictment, charging indecent assault, *held* authorized on ground indictment sufficiently charged an assault and battery, and that indecent element charged was surplusage and resulted in placing greater burden than necessary on state in proving charge of assault and battery.

2. CRIMINAL LAW. *Instruction, in prosecution under indictment charging indecent assault, following terms of indictment, held not erroneous.*

In prosecution under indictment charging indecent assault, instruction, following terms of indictment on theory of assault and battery committed in an indecent manner, *held* not erroneous, in that it was favorable to defendant, as requiring state to prove indecency, as well as assault and battery, before conviction could be had.

3. ASSAULT AND BATTERY. *Evidence held to justify finding of guilty under indictment for indecent assault and sufficiently charging assault and battery.*

In prosecution under indictment charging indecent assault which sufficiently charged assault and battery, evidence *held* sufficient to justify jury's finding of guilty.

4. CRIMINAL LAW. *Guilt or innocence of persons charged with crime must be left to jury in county where offense is charged.*

The question of guilt or innocence of persons charged with crime must be left to decision of the jury in county where offense is charged.

*

*Corpus Juris-Cyc References: Assault and Battery, 5CJ, p. 788, n. 2; p. 790, n. 14; Criminal Law, 17CJ, p. 254, n. 51; p. 257, n. 68; p. 261, n. 69; p. 267, n. 99; p. 360, n. 65; Indictment and Information, 31CJ, p. 745, n. 96, 98.

APPEAL from circuit court of Prentiss county.

HON. C. P. LONG, Judge.

C. A. Crawford was convicted for an indecent assault, and he appeals.  Affirmed.

*J. A. Cunningham* and *Friday & Windham,* for appellant.

We have no statute in this jurisdiction on the subject of indecent assault.  There was no pretension on the part of the learned district attorney in defending the indictment, and no gesture even made by the court below that the indictment was bottomed on any statutory authority.  *State* v. *Comeaux,* 60 So. 620, covers the ques-

tion and fully condemns the action of the learned court below in overruling the appellant's demurrer.

An examination of the phrase "criminal assault" in Words & Phrases, both the first and second editions, gives a comprehensive grasp of the doctrine announced in the above-cited opinion. This exhaustive treatise on words and phrases reveals the significant truth that it has always been used by the courts in defining and following the statutory offense of legislative enactment and never a common-law offense.

The peremptory instruction should have been given the appellant for the reason that the proof did not constitute an indecent assault, even as made and defined by the various and sundry statutes obtaining on the subject. *Clancy* v. *State of Texas,* 27 A. L. R. at 857, with the notes thereunder.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

A demurrer was interposed to the indictment, the ground of which was that the indictment failed to charge any offense under the laws of the State of Mississippi. Appellant argues that the crime of indecent assault was not a crime at common law and that it has not been made a crime by the statutes of Mississippi; and that, therefore, it is not crime in this state.

In this argument counsel are apparently borne out by the authorities. The crime of indecent assault appears to be wholly statutory and there is no statute in Mississippi defining or making indecent assault a crime.

The indictment in this case, however, does charge in apt and sufficient language a simple assault and battery made by the defendant upon the person of Miss Jennie Moore. The proof in the case is sufficient to show that a simple assault and battery was committed by the defendant upon her person and the punishment imposed by the court is not in excess of that which might be imposed

for.a conviction of simple assault and battery. *Martin* v. *City of Laurel,* 106 Miss. 357, 63 So. 670; *Blankenship* v. *State,* 130 Miss. 725, 95 So. 81; *Hussey* v. *State,* 109 So. 871.

For these reasons we submit that no error was committed by the trial court and the judgment of the lower court should be affirmed.

*J. E. Berry,* also, for the state.

Counsel for appellant have strongly urged that the state knows no such thing as an indictment under the statute for ''indecent assault,'' and that at common law no such crime existed. The attorney-general's brief tends to concede that no such exact crime exists either by statute or at common law, but insists that the language sets out clearly a good case of simple assault, and that a conviction under the statute will amount to simple assault.

With all deference to these gentlemen, I hold that appellant was indicted for indecent assault; that an indecent assault is, under the common law, a subhead of aggravated assault; and that both are established under the common law. ''Aggravated Assault'' is a general head. 3 Cyc., page 1026, under Assault and Battery.

The indecent assault is one kind of assault that has not been altered by statute and which, therefore, remains under the common law. See Assault and Battery, 3 Cyc., page 1027. It is the embarrassment, the humiliation, the feeling and sense of shame, added to the act, that constitutes the crime. 1 Am. and Eng. Ency. of Law, ''Assault,'' page 782; 2 R. C. L., page 547, section 26.

HOLDEN, P. J., delivered the opinion of the court.

C. A. Crawford appeals from a conviction on a charge of indecent assault upon the person of Miss Jennie  .

Moore, and a sentence to pay a fine of fifty dollars and serve a term of thirty days in the county jail.

The testimony offered for the state shows that the alleged indecent assault occurred at a circus where the appellant and the prosecutrix were seated next to each other, under the tent, while the performance was going on; that they had been neighbors for a number of years, and accidentally met and sat together that day at the circus; that there were some children with the prosecutrix; and that people sat above and below her and appellant on the seats as they are generally arranged in a circus tent.

What happened may be best told by quoting the testimony of Miss Moore, the prosecutrix. She testified, among other things:

"And he just placed his arm upon my back, and I just knocked it back and moved; next minute he put his hand under my leg this way [indicating] and touched me on my leg.

"Q. Where did he touch you on the leg? A. Just above the knee; and I got between my two little sisters; and he said, 'I beg your pardon;' and I said, 'There is no pardon to it;' and I walked down to where papa was; and he said, he asked me was I ready to go home; and I told Leo Robinson about that right after the show."

The substance of her testimony is that she was assaulted by the appellant in the manner stated; that the assault (and battery) was against her will, and was also indecent. The case was tried on the theory of an "indecent assault" upon the person of the prosecutrix. The instruction given by the court for the state was upon the theory of an "indecent assault," but the instruction followed the language of the indictment. The appellant denied the assault, and no one else saw it.

The indictment, leaving out the formal parts, is as follows:

". . . Present that Claude Crawford late of the county aforesaid, on the 11th day of February, 1924,

with force and arms in the county aforesaid, and within the jurisdiction of this court, he being then and there an adult male person, in and upon the person of one Jennie Moore, a female child of the age of sixteen years and of chaste character, did then and there willfully and unlawfully make an indecent assault by then and there unlawfully and willfully taking improper liberties with the person of the said female child and by then and there willfully and unlawfully putting his hands upon the private person of the said female child in a lewd and lascivious manner, all of which things were then and there without the consent and against the will of the said female child."

The appellant contends that the judgment of the lower court should be .reversed, because: First, the demurrer to the indictment should have been sustained for the reason that there is no such crime, either at the common law or under the statutes of this state, as "indecent assault," and that the instruction to the jury based upon the indictment was error, and that the motion to exclude the testimony supporting the indictment should have been sustained, because there is no such criminal offense under the laws of our state; and, second, that the proof offered by the state was insufficient to sustain the charge of "indecent assault," and that it was not sufficient to sustain any other kindred offense.

On the opposite side, the state argues that, while there is no statute making an "indecent assault" a crime in this state, and also that no such crime is prescribed by one common law, yet the conviction should be sustained upon the ground that the indictment sufficiently charges an assault and battery, and that the "indecent" element charged was a surplusage, and resulted in putting a greater burden upon the state in proving the charge of assault and battery than it would otherwise have had in proving simple assault and battery, and that, therefore, the judgment should be affirmed as a conviction of assault and battery, since the punishment imposed was not

in excess of that provided for the commission of simple assault and battery. The following cases are cited in support of the contention of the state: *Martin* v. *City of Laurel*, 106 Miss. 357, 63 So. 670; *Blakenship* v. *State*, 130 Miss. 725, 95 So. 81; *Hussey* v. *State*, 144 Miss. 380, 109 So. 871.

We think the view of the attorney-general is sound and is well supported by the authorities cited. Especially is this true in *Martin* v. *City of Laurel*, *supra*, where, as we understand the opinion, the court held that the conviction of assault was supported by the evidence, notwithstanding the fact that the intent of the indictment was to charge a different offense; and therefore the lower court was correct in overruling the demurrer to the indictment and refusing to grant the peremptory instruction asked by the appellant.

The lower court also was not in error in granting the instruction to the state which followed the terms of the indictment, because the instruction, as well as the indictment, went upon the theory of assault and battery committed in an "indecent" manner. The instruction containing the "indecent" feature did not injure the appellant's case, but was favorable to him, in that it required that the state prove the indecency, as well as the assault and battery, before conviction could be had.

On the question whether the evidence is sufficient to sustain the indictment, we have considered the testimony of the prosecutrix very carefully, and, while we think it is not the strongest case of the kind on the proof still there is enough testimony to justify the jury in finding the appellant guilty. The jurors were the sole judges of the credibility of the witnesses, and their finding of fact should not be disturbed by this court, although we may say in passing that the record before us reflects rather an unusual and weak case in some respects. However, the question of guilt or innocence of persons charged

with crime must be left to the decision of a jury in the county where the offense is charged.

The judgment of the lower court is affirmed.

*Affirmed.*