## HILL v. STATE.

(Division B. March 3, 1930.)

[126 So. 470. No. 28210.]

B. H. Loving, of West Point, for appellant.

**Forrest B. Jackson,** Assistant Attorney-General, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

George Hill was indicted for an assault upon the body of Q. D. Vail. The pertinent part of the indictment

reads: "Upon their oaths present that George Hill in said county, on the 1st day of July, A. D. 1929, did willfully and unlawfully upon the body of Q. D. Vail make an assault with his hands and did then and there with his said hands did then and there unlawfully grab, seize, choke and shove the said Q. D. Vail contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi."

There was a demurrer to this indictment based upon the grounds that it charged no crime known to the law; and that it did not inform the defendant of the nature and cause of the accusation against him; and that the alleged assault as set out in the indictment is a mere conclusion of the pleader and not supported by specific allegations therein as to the facts; and that it is not alleged that there was an intention on the part of the defendant to do bodily harm or injury to Q. D. Vail; and that it is not alleged that defendant laid hands on and grabbed and choked Q. D. Vail with intent to do the said Q. D. Vail bodily harm or injury, and such intent is the gist of the offense.

It appears from the proof that Vail was a justice of the peace, and had on the day of the alleged assault held a term of court in which one Eugene Cousins was tried for possession of liquor. The defendant in the case had called for a jury, and the jury had found him guilty. After this conviction, one Ben Bennett walked up to the justice and said, "Captain, it looks like you convict them from jugs and bottles." The justice of the peace said, "You don't think a jury of six good and lawful men would return the wrong verdict, do you?" He said, "Yes, I do." The justice then threatened Bennett with violence, whereupon Hill, the appellant in this case, walked up and grabbed the justice of the peace in the collar and said, "No you won't, I will take your case; you won't jump on any man in town."

This constitutes the gist of the appeal here; it being insisted that the indictment was invalid and also that the evidence above stated did not constitute an assault. We think the indictment was proper, and that the evidence was sufficient to sustain it. See Hussey v. State, 144 Miss. 380, 109 So. 871; Stroud v. State, 131 Miss. 875, 95 So. 738; Crawford v. State, 146 Miss. 540, 112 So. 681.

Judgment of the court below will therefore be affirmed.

Affirmed.