481 So.2d 850 (1985)
Bobby CALDWELL
v.
STATE of Mississippi.
No. 54285.
Supreme Court of Mississippi.
December 18, 1985.
*851 Kenneth J. Rose, Jackson, Robert B. McDuff, University, Dennis Sweet, Montgomery, Ala., for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Amy D. Whitten and Marvin L. White, Jr., Sp. Asst. Attys. Gen., Jackson, for appellee.
En Banc.
DAN M. LEE, Justice, for the Court:

ON MOTION TO VACATE OR SET ASIDE JUDGMENT
Bobby Caldwell was convicted of capital murder in the Circuit Court of DeSoto County, Mississippi and sentenced to death. This Court affirmed the sentence and conviction in Caldwell v. Mississippi, 443 So.2d 806 (Miss. 1983); however, the United States Supreme Court vacated the sentence of death in Caldwell v. Mississippi, ___ U.S. ___, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). Caldwell now comes before this Court to move that the judgment of conviction of capital murder be vacated or set aside. We have carefully reviewed each of his allegations, find that they are without merit, and hereby overrule the motion.

THE USE OF PEREMPTORY CHALLENGES TO STRIKE BLACKS AND WOMEN FROM THE JURY.
Caldwell alleges that the prosecution's use of peremptory challenges to strike all blacks and several women from the group of potential jurors violated federal and state constitutional law. We find that Caldwell has not shown a continuous and systematic exclusion of blacks or women from jury service in DeSoto County, Mississippi. Under the rationale of Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), the Mississippi Supreme Court has denied similar claims in Belino v. State, 465 So.2d 1043 (Miss. 1985) and Ward v. State, 461 So.2d 724 (Miss. 1984). In Ward, the Court held that:
Absent proof of continuous and systematic and purposeful use of peremptory challenges by the prosecution in Tate County to exclude black persons from juries, this claim simply is not viable.
*852 461 So.2d at 726. This allegation is without merit.

CONDUCT OF PROCEEDINGS OUTSIDE THE PRESENCE OF THE DEFENDANT
No important proceeding regarding a criminal trial may be held without the presence of the defendant or his counsel. Strickland v. State, 477 So.2d 1347 (Miss. 1985); Allen v. State, 384 So.2d 605 (Miss. 1980). Both need not be present; where the defendant is represented by counsel, the attorney may represent the defendant at any critical stage in the proceedings, and the defendant's absence will not violate his constitutional rights. Ford v. State, 170 Miss. 459, 155 So. 220 (1934).
An exception to this general rule is where the presence of the defendant is necessary to prevent prejudice to him. That exception was recognized in Myers v. State, 254 So.2d 891 (Miss. 1971), where the Court held that a hearing on the defense attorney's motion to withdraw as counsel required the defendant's presence. Bobby Caldwell cites several instances in his motion where matters were argued by attorneys for both sides outside his presence. He claims that he was prejudiced thereby; however, he does not cite a single instance in his motion in which his presence would have made a difference. Caldwell has not asserted that he could have interjected additional information which would have resulted in different results in those proceedings, nor has he indicated, in any way, that consultation with his counsel during those proceedings would have been beneficial. Since Bobby Caldwell was represented adequately by defense counsel at these proceedings, and since he has not demonstrated prejudice resulting from his absence, we find this assertion to be without merit.

INEFFECTIVE ASSISTANCE OF COUNSEL
Caldwell next argues that his counsel was constitutionally inadequate. The test to determine the adequacy of counsel, as enunciated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), was stated in Gilliard v. State, 462 So.2d 710 (Miss. 1985), as follows:
(1) There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.
(2) The two-prong test to determine whether or not defense counsel was constitutionally ineffective is
(a) The petitioner must show that counsel's conduct was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment, and
(b) If the petitioner can show that counsel was ineffective, then he must show that he was prejudiced by counsel's mistakes.
Id. at 714. See also Johnson v. State, 476 So.2d 1195 (Miss. 1985); Lambert v. State, 462 So.2d 308 (Miss. 1984); Ward v. State, 461 So.2d 724 (Miss. 1984); In re Hill, 460 So.2d 792 (Miss. 1984).
Caldwell's motion on this point rests primarily on the assertion that his trial counsel did not vigorously pursue his defense, but, instead, sought merely to ameliorate the force of the prosecution's case. Given the overwhelming evidence presented against Caldwell at trial, we cannot say that defense counsel was not employing sound trial strategy. Certainly it could be argued that it would have benefitted Caldwell little for his attorney to protest loudly and vehemently his client's innocence when the evidence pointed so convincingly toward his guilt. Defense counsel was well aware that this was a death penalty case, and their arguments to the jury may well have presented the face of reasonableness in order to try to save their client's life. This is sound trial strategy. Furthermore, as in Ward, 461 So.2d at 727, the claim of ineffective assistance of counsel may be rejected where: "A fundamental reason why no prejudice can be demonstrated in this case is that it is clear from the record *853 that [the defendant] is hopelessly guilty." Thus, we reject Caldwell's argument that he was denied the effective assistance of counsel.
THE COURT'S INSTRUCTION ON INTENT.
We have carefully examined Instruction S-2B and find no error therein.

PROSECUTORIAL MISCONDUCT DURING ARGUMENT.
The issue of whether the prosecutor's closing remarks during the sentencing phase were improper was raised by this Court on appeal as a plain error after a contemporaneous objection was made at trial, Caldwell, 443 So.2d at 813, and were the basis for reversal by the United States Supreme Court. Caldwell, ___ U.S. ___, 105 S.Ct. 2633, 86 L.Ed.2d 231. Caldwell now seeks to have his conviction vacated on the basis of remarks made by the prosecutor during the guilt or innocence phase.
In raising as plain error the issue of improper comments in the prosecutor's sentencing argument, each justice carefully reviewed the record with particular attention to the prosecutor's remarks both during the sentencing and during the guilt or innocence phase. Upon initial review, no reversible error was found in the argument made during the guilt or innocence phase. Upon subsequent review, we still find no error, and no prosecutorial misconduct.

DEATH  QUALIFICATION OF THE JURY
Two jurors were excused for cause from the members of the venire called for Caldwell's trial, after they expressed their objections to the imposition of the death penalty. Caldwell argues that this exclusion denied him the right to a fair and impartial jury.
In Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), the United States Supreme Court held that a fair and impartial jury must include jurors who have conscientious scruples against the death penalty. However, we do not read that holding as mandating the inclusion of jurors who indicate that they could not impose the death penalty even where it is mandated by law. The defendant is entitled to be sentenced by a fair and impartial jury; however, "the state is entitled to a jury that can follow the instructions and juror's oath." Gray v. State, 472 So.2d 409 (Miss. 1985). See also Cabello v. State, 471 So.2d 332 (Miss. 1985); Jordan v. State, 464 So.2d 475 (Miss. 1985); Jones v. State, 461 So.2d 686 (Miss. 1984). We find no error in the exclusion of jurors Barnes and Henderson.

INSUFFICIENCY OF NOTICE IN THE INDICTMENT
Caldwell argues that his conviction of capital murder was erroneous because of the state's failure to adequately prove the underlying crime. He was indicted for murder while "in the commission of the crime of robbery, or in an attempt to commit robbery... ." According to Caldwell, he was improperly indicted on the attempt charge, because no overt act was specified. He further alleges that the crime of robbery was not proved at trial.
To sustain a finding that Caldwell was guilty of robbery, the prosecution must have proved three elements:
(1) felonious intent,
(2) force or putting in fear as a means of effectuating the intent, and
(3) by that means taking and carrying away the property of another from his person or in his presence.
Glenn v. State, 439 So.2d 678, 680 (Miss. 1983), quoting Crocker v. State, 272 So.2d 664, 665 (Miss. 1973).
Caldwell's intent to rob Mrs. Faulkner's store is obvious from the surrounding circumstances. Dufour v. State, 453 So.2d 337, 346 (Miss. 1984). Mrs. Faulkner was "cold-bloodedly murdered without any inkling in this record for any reason other than taking what [she] had. There is no indication whatever of animosity  just cold-blooded murder." Id. Furthermore, Caldwell effectuated the robbery by the use of deadly force, in the form of *854 a .38 calibre pistol, with which he executed Mrs. Faulkner. Caldwell's statement, which was admitted at trial, made reference to a money bag taken from the counter after Mrs. Faulkner was shot. Both Sheriff Bryan and Mr. Faulkner testified that a money bag belonging to the bait shop was found outside the door of the shop, containing deposit slips which were imprinted with the name of the shop. We believe that the evidence sufficiently proved the underlying crime of robbery. Since the crime of robbery was proved at trial, the reference in the indictment to attempted robbery was unnecessary, and constituted mere surplusage.

REQUEST FOR DISCOVERY AND AN EVIDENTIARY HEARING
We find no merit in any of the petitioner's contentions, and, therefore, deny his request for discovery and an evidentiary hearing.
The motion to vacate or set aside judgment is overruled.
MOTION OVERRULED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
HAWKINS, J., not participating.