942 So.2d 812 (2005)
Brian SPEARS a/k/a Glendrick O'Bryan Spears, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-00662-COA.
Court of Appeals of Mississippi.
October 11, 2005.
Rehearing Denied April 11, 2006.
*813 Allan D. Shackelford, Clarksdale, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On or about September 11, 2003, Brian Spears and James Johnson broke into the home of Joyce Market, stealing a DVD player and other items. Following the burglary, the two men immediately went to the home of Spears's uncle and sold him the DVD player. Due to physical evidence Johnson left at the crime scene, the police were able to locate and arrest him. Johnson gave a statement to the police, implicating Spears in the burglary.
¶ 2. Spears was indicted for attempting to break and enter the home of Joyce Market. A trial was held March 1, 2004, where Spears was convicted by a jury in the Quitman County Circuit Court of burglary of a dwelling, in violation of Mississippi Code Annotated Section 97-17-23 (Rev.2000). Spears now appeals to this Court, asserting the following issues: (1) it was reversible error for the trial judge and prosecutor to amend the indictment during trial to change the charge to one separate and distinct from the charge returned by the grand jury; (2) the trial court erred in allowing a conviction on an amended indictment where the record is devoid of an order allowing amendment of the indictment; and (3) his trial counsel was ineffective in failing to object to the State's motion to amend the indictment on the ground that the motion to amend the indictment was untimely. Finding error, we reverse and remand.

STANDARD OF REVIEW
¶ 3. "The test for whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made." Eakes v. State, 665 So.2d 852, 859-60 (Miss.1995).

DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ERR IN AMENDING THE INDICTMENT?
¶ 4. Spears was indicted for burglariously attempting to break and enter a dwelling house, but during the trial the State made a motion to amend the indictment to change the charge from "attempt to break and enter" to "break and enter." Over objection by Spears's counsel, the *814 court granted the motion to amend the indictment. Subsequently, the judge submitted an instruction to the jury on the charge of breaking and entering.
¶ 5. In reviewing a claim of error in the amendment of an indictment, we apply the following standard: "It is fundamental that courts may amend indictments only to correct defects of form, however, defects of substance must be corrected by the grand jury." Mitchell v. State, 739 So.2d 402, 404(¶ 5) (Miss Ct.App.1999). In order to determine whether an amendment is one of form or of substance, and whether a party was prejudiced by the amendment, the court must determine:
[W]hether or not a defense under the indictment or information as it originally stood would be equally available after the amendment is made and whether or not any evidence that the accused might have would be equally applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, the amendment is one of form and not of substance.
Hawthorne v. State, 751 So.2d 1090, 1094(¶ 20) (Miss.Ct.App.1999) (quoting Griffin v. State, 540 So.2d 17, 21 (Miss. 1989)). In Wilson v. State, 574 So.2d 1324, 1333 (Miss.1990), our supreme court held, "that a change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood. . . ."
¶ 6. The State argues that the "attempt" language was merely surplusage, and, therefore, the amendment was not error. The State cites Caldwell v. State, 481 So.2d 850, 854 (Miss.1985), arguing that "attempt" language can be considered surplusage. Caldwell is clearly distinguishable from the case sub judice. In Caldwell, the defendant was indicted for murder while "in the commission of the crime of robbery, or in an attempt to commit robbery. . . ." Id. at 853. Caldwell argued that he was improperly indicted on the attempt charge. Our supreme court determined that the "attempt" language was unnecessary because the State proved the underlying crime of robbery. Id. at 854. Caldwell is clearly inapplicable because, in the case sub judice, prior to the amendment there was no language in the indictment regarding the completed crime, whereas Caldwell had been indicted on both robbery and attempted robbery. The State's reliance on Caldwell is misplaced.
¶ 7. The State also argues that the amendment was merely a matter of form, namely that it was made to make the indictment conform to the evidence presented at trial. An indictment may be amended to conform with the proof at trial. Miss.Code Ann. § 99-17-13 (Rev. 2000). However, the change can only be one of form not substance and not prejudice the defendant. Hampton v. State, 815 So.2d 429, 431(¶ 7) (Miss.Ct.App.2002).
¶ 8. Spears argues that he was prejudiced by the amendment because under Mississippi Code Annotated Section 97-1-9 (Rev.2000), he could not be convicted of an attempted crime if the evidence showed the crime was completed. Mississippi Code Annotated Section 97-1-19 provides as follows:
A person shall not be convicted of an assault with intent to commit a crime, or of any other attempt to commit an offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault or in pursuance of such attempt.
¶ 9. The failure to commit the target crime is an essential element of an attempt. Bucklew v. State, 206 So.2d 200 *815 (Miss.1968). By changing the indictment from charging an attempted crime to a completed crime, Spears's defense that he had actually completed the crime was no longer available to him. Clearly, Spears suffered prejudice from this amendment. Accordingly, we must reverse and remand Spears's conviction.
II. DID THE TRIAL COURT ERR IN ALLOWING A CONVICTION ON AN AMENDED INDICTMENT WHERE THE RECORD WAS DEVOID OF AN ORDER ALLOWING AMENDMENT OF THE INDICTMENT?
¶ 10. Having resolved the first issue in Spears's favor, we decline to address this issue.
III. WAS SPEARS'S TRIAL COUNSEL INEFFECTIVE IN FAILING TO OBJECT TO THE STATE'S MOTION TO AMEND THE INDICTMENT ON THE GROUND THAT THE MOTION WAS UNTIMELY?
¶ 11. Having resolved the first issue in Spears's favor, we decline to address this issue.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF QUITMAN COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO QUITMAN COUNTY.
KING, C.J., MYERS, GRIFFIS AND ISHEE, JJ., CONCUR. IRVING, J., DISSENTS WITH A SEPARATE WRITTEN OPINION JOINED BY BRIDGES, P.J., CHANDLER AND BARNES, JJ.
IRVING, J., Dissenting.
¶ 13. I cannot agree with the majority that the indictment was improperly amended; therefore, I respectfully dissent.
¶ 14. The heading of the indictment in this case contains the following explanatory language: "burglary of a dwelling, MCA section 97-17-23." The central portion of the indictment charges that "Brian Spears and James Johnson, . . . on or about September 11, 2003, . . . individually or while aiding and abetting and/or acting in concert with each other, did then and there, unlawfully, willfully, feloniously and burglariously attempt to break and enter the dwelling house of Joyce Market. . . ."
¶ 15. Mississippi Code Annotated § 97-17-23 (Rev.2000) as amended reads:
Burglary; breaking and entering inhabited dwelling
Every person who shall be convicted or breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by imprisonment in the Penitentiary not less than three (3) years nor more than twenty-five (25) years.
¶ 16. Reading the indictment contextually compels the conclusion that Spears was charged with burglary, not with an attempt to commit burglary. While the indictment does contain the phrase "attempt to break and enter," it seems reasonably clear to me that the insertion of the phrase was no doubt a scrivener's error and could be struck as mere surplusage.
¶ 17. The crime of attempting to commit an offense is defined in Mississippi Code Annotated section 97-1-7 (Rev.2000). If the explanatory heading of the indictment had recited the attempt statute as the charging statute, I could readily understand the majority's finding that Spears *816 was charged with attempting to commit burglary, but that is not the case.
¶ 18. Since I do not believe that Spears was ever charged with attempting to commit burglary, I do not address the majority's rationale for reversing and remanding. In my opinion, it was proper to amend the indictment to conform with the charging statute, as well as to conform with the proof. I would affirm Spears's conviction.
BRIDGES, P.J., CHANDLER AND BARNES, JJ., JOIN THIS SEPARATE WRITTEN OPINION.