936 So.2d 463 (2006)
Pervis DeWayne NEAL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-00669-COA.
Court of Appeals of Mississippi.
August 15, 2006.
*465 Lisa Mishune Ross, Jackson, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
SOUTHWICK, J., for the Court.
¶ 1. Pervis DeWayne Neal pled guilty in 2001 to the charges of manslaughter and armed robbery in the Copiah County Circuit Court. Three years later he sought post-conviction review of the judgment. We agree that the armed robbery conviction is invalid because he had never been properly charged with that offense. We reverse and remand for sentencing on robbery.

FACTS
¶ 2. On July 19, 1998, Neal and three other occupants, Jonathan and Joseph McGriggs and Susan Mitchell, drove to W.Q. Bradley's house in order to rob him. Once arriving, Joseph McGriggs and Mitchell exited the vehicle. They argued with Bradley on the front porch. Neal exited the vehicle with Jonathan McGriggs, who was armed with a shotgun. McGriggs shot Bradley when he tried to go into his house. The group then fled in their vehicle. Bradley died from the gunshot.
¶ 3. In 2000, Neal was indicted for capital murder. About nine months later, on March 12, 2001, Neal filed a waiver of indictment for the crime of manslaughter and also for robbery. An Information[1] was prepared charging those crimes. An accused who is represented by counsel, as was Neal, may waive indictment and allow himself to be prosecuted based on an Information. Miss. Const. Art. 3, § 27. These are the relevant sections of the key documents:
WAIVER OF INDICTMENT
1 . . . . that I have been accused of robbery on or about the 19th day of July, 1998, in violation of Section 97-3-73 of the Mississippi Code of 1972, and did then and there wilfully, unlawfully and feloniously attempt to take, steal and carry away United States currency, the personal property of the said W.Q. Bradley.
INDICTMENT: COUNT TWO
[T]hat on or about the 19th day of July, 1998, in Copiah County, Mississippi, and within the jurisdiction of this court, the said Pervis Neal in the presence and against the will of W.Q. Bradley, a human being, and with the unlawful and felonious intent to take, steal and carry away the personal property, of value, of one W.Q. Bradley, he, the said Pervis Neal, by violence to the person of the said W.Q. Bradley, did then and there wilfully, unlawfully and feloniously attempt to take, steal and carry away United States currency, the personal property of the said W.Q. Bradley, contrary to and in violation of Section 97-3-73 of the Mississippi Code of 1972, and against the peace and dignity of the State of Mississippi.
*466 ¶ 4. Later in the month in which Neal waived indictment, M.A. Bass, Neal's attorney, notified the court that Neal wanted to withdraw his plea of not guilty and enter a plea to manslaughter and armed robbery, the latter not having been charged in the Information. The court stated:
[W]e'll proceed in both causes, and we'll proceed in Cause Number XXXX-XXXXCR [the manslaughter and robbery charge] and also in 2000-103CR [the capital murder charge]. One, in the event that this is a lesser included offense, and in the event it's not, we'll proceed otherwise.. . . Mr. Neal, I believe you want to plead guilty to manslaughter and armed robbery. . . .
The plea colloquy proceeded for the charge of manslaughter and armed robbery. Neither armed robbery nor the exhibition of a deadly weapon was mentioned in Neal's indictment, Information, or waiver of indictment.
¶ 5. On March 4, 2004, Neal filed a motion to vacate his conviction and sentence. The motion alleged that the Information was fatally defective, that he had been subjected to double jeopardy, that his plea was involuntary, and that he had received ineffective assistance of counsel. The motion was denied by the Copiah County Circuit Court. Neal has appealed.

DISCUSSION

ISSUE 1: Defective Charging Documents
¶ 6. Neal argues that due to defects in the charging documents, the circuit court was without jurisdiction and his plea was involuntary. His argument focuses on the failure of the Information to state the armed robbery element of "exhibition of a deadly weapon." The Information also referred to the robbery statute instead of to the statute for armed robbery. Miss.Code Ann. §§ 97-3-73 & 97-3-79 (Rev.2000). Finally, the waiver of indictment document failed to refer to armed robbery.
¶ 7. An accused has a constitutional right "to be informed of the nature and cause of the accusation." U.S. Const. Amend. VI. This State's Constitution does not expand the right. Miss. Const. art. III, § 26. Entering a guilty plea does not waive an indictment's failure to include an element of a crime, nor does the plea waive subject matter jurisdiction. Conerly v. State, 607 So.2d 1153, 1156 (Miss.1992). An indictment charging the essential elements of a crime must be served on a defendant in order for a court to obtain subject matter jurisdiction over the subject of a particular offense. Jefferson v. State, 556 So.2d 1016, 1021 (Miss.1989).
¶ 8. The State concedes that count two of the Information was not sufficient for the court to have jurisdiction over the offense of armed robbery but argues that it was sufficient to convey jurisdiction for the offense of simple robbery. We look no further than the State's concession in deciding that Neal, despite his plea, could not be convicted of armed robbery.
¶ 9. There is no reason that a shortcoming in describing one offense would infect and neutralize another charge in the same instrument. We conclude that the invalidity of the charge of armed robbery does not affect jurisdiction over manslaughter, or the guilty plea, conviction, and sentence on that count. We reach this conclusion despite that there was a plea bargain between the prosecution and Neal which joined both counts. Such bargains are not binding on the trial court. URCCC 8.04(B)(2)(b) (recommendation on sentence may be made as a result of plea negotiations, "with the understanding that such recommendation or request will not *467 be binding upon the court."). The trial court's deciding upon a sentence on either offense greater than the bargain would not have permitted Neal to withdraw his plea. Similarly, our setting aside the sentence on the armed robbery charge, a sentence that sustained the bargain reached before the plea hearing, does not require us to set aside the entire bargain-based judgment of conviction and sentence. Neal's request that this appellate court set aside his plea to both offenses is denied.
¶ 10. However, a trial court itself has discretion to allow a withdrawal of a guilty plea should something have occurred that in the court's view justifies a withdrawal. URCCC 8.04(A)(5). We are remanding this judgment for reasons we will explain. On remand, if Neal determines to pursue the demand to set aside the entire plea, such a motion may be filed prior to resentencing and ruled upon under the explicit authority of the trial court to determine whether good cause exists to permit the withdrawal. URCCC 8.04(A)(6).
¶ 11. Insofar as permitting conviction of some robbery offense is concerned, the State argues that the prosecution at the plea hearing recited a factual basis for armed robbery; Neal admitted guilt to these acts. It is also the State's position that the Information charged him with robbery and thus Neal may be remanded to the trial court for sentencing on simple robbery. We examine the documents more closely to see what was in the Information and in Neal's waiver.
¶ 12. Both the waiver of indictment and the Information use the language of "attempt to take, steal, and carry away. . . ." There was neither a charge nor a waiver of indictment of armed robbery. There may have been a charge and a waiver of indictment of either robbery or of attempted robbery.
¶ 13. We examine carefully the use of the word "attempt" in the Information and the waiver. An attempt has this required proof: "(1) an attempt to commit a particular crime, (2) a direct ineffectual act done toward its commission and (3) the failure to consummate its commission." McGowan v. State, 541 So.2d 1027, 1030 (Miss.1989) (interpreting Miss.Code Ann. § 97-1-7 (1972), which provides that an attempt occurs when a person "shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein.. . .") Though those three elements must be proved, the Supreme Court earlier had held that two elements need to be charged: "(1) the intent to commit the offense, and (2) an overt act toward its commission." Maxie v. State, 330 So.2d 277, 277 (Miss.1976). The two opinions, Maxie and McGowan, can be viewed as consistent in that using the word "attempt" puts a defendant on notice that the State will prove that the crime was not completed. However, there would be notice neither of the specific crime nor of the overt act of the attempt unless the charging document describes those elements.
¶ 14. The Information which alleged Neal had engaged in an attempt to take the victim's money stated that Neal had used "violence" without describing the act of violence. The explanations at the guilty plea hearing identified the violence as the display of a weapon by another perpetrator and then the shooting of the victim, but the Information did not charge that overt act. Accordingly, an attempted simple robbery was not properly charged.
¶ 15. However, if not for the presence of the word "attempt" in the Information, there would have been a sufficient charge of simple robbery. At times, words in indictments may properly be labeled as *468 surplusage. The description of an attempted robbery could be deleted from an indictment that charged murder while "in the commission of the crime of robbery, or in an attempt to commit robbery. . . ." Caldwell v. State, 481 So.2d 850, 853 (Miss. 1985), rev'd Caldwell v. Mississippi, 479 U.S. 1075, 107 S.Ct. 1269, 94 L.Ed.2d 130 (1987) (reversed due to racial discrimination in jury selection); see also Griffin v. State, 557 So.2d 542, 548 (Miss.1990) (same indictment language as in Caldwell found surplusage). Since the crime of robbery was adequately proven at trial, the indictment's reference to an attempt to rob was surplusage. Caldwell, 481 So.2d at 854. Distinctions from our situation include that the indictment notified Caldwell both of attempt and of the actual commission of robbery. The Information did not charge Neal both with robbery and with attempted robbery. Not a distinction from our case is that Caldwell was convicted of murder while in the commission of a robbery. As here, the State still had to prove the elements of robbery in Caldwell.
¶ 16. This Court distinguished Caldwell in a decision now on review by the Supreme Court. Spears v. State, No.2004-KA-00662-COA, ___ So.2d ___, 2005 WL 2496091 (Miss.Ct.App. Oct.11, 2005), cert. granted (Miss. June 26, 2006). The defendant had been indicted for an attempted burglary, but the State was allowed at trial to amend in order to charge completion of the burglary. The majority in the 5-4 decision stated "Caldwell is clearly inapplicable because, in the case sub judice, prior to the amendment there was no language in the indictment regarding the completed crime, whereas Caldwell had been indicted on both robbery and attempted robbery." Spears, at ¶ 6. Spears's indictment charged this: "Brian Spears and James Johnson, . . . on or about September 11, 2003, . . . individually or while aiding and abetting and/or acting in concert with each other, did then and there, unlawfully, willfully, feloniously and burglariously attempt to break and enter the dwelling house of Joyce Market. . . ." Id., at ¶ 14 (Irving, J., dissenting). The majority noted that Spears's defense at trial had been that he was not guilty of attempt because he had actually committed the crime. An element of proof for an attempt is that the accused not have actually completed the charged crime. McGowan, 541 So.2d at 1030. Accordingly, the amendment of Spears's indictment changed the substance of the charge and improperly prejudiced the defense. Id., at ¶ 9. Language in an indictment cannot be considered surplus unless, among other considerations, "a defense under the indictment or information as it originally stood would be equally available after the amendment. . . ." Griffin v. State, 540 So.2d 17, 21 (Miss.1989). Surplus language and other matters of form may properly be amended; matters of substance may not be. Id.
¶ 17. We examine one final point before analyzing the effect of these principles on Neal's appeal. By statute, every indictment of a crime includes implied notice that the accused may be convicted of an attempt to commit that same crime:
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment. . .
Miss.Code Ann. § 99-19-5 (Rev.2000) (emphasis supplied). Though the statute refers to indictments, we find no reason to conclude that a different rule should apply to Informations, particularly when the Information *469 properly charged felonies only because the accused waived indictment. Thus, defendants are on notice from an Information that validly charges felonies or from an indictment of the potential of being convicted of an attempt as well as of lesser included offenses even when those are not charged. Our issue is almost the reverse. The robbery charge included the word "attempt" and we are determining whether the charge of the completed crime was made.
¶ 18. We now examine what all this means as to Neal. Did the trial court receive jurisdiction to convict Neal of simple robbery? In Spears, which was a case on direct appeal from the conviction, this Court found that because deleting the word "attempt" altered the defense, the word could not be considered to be surplus to the charging language. Neal is here seeking post-conviction relief after having pled guilty. There was no defense raised. Indeed, Neal pled guilty to the completed offense of armed robbery. He hardly was presenting a defense to attempted simple robbery. Neal's guilty plea waived all non-jurisdictional offenses in the Information. Jefferson, 556 So.2d at 1021. The inclusion of the word "attempt" is non-jurisdictional to a conviction here for simple robbery if the word in this case, on these facts, was surplusage. It is of some importance to the form versus substance issue that Neal has never raised at the guilty pleas hearing or in these post-conviction relief proceedings the fact that he was charged with an attempted robbery instead of a concluded robbery. The extra word "attempt" has been a matter of no concern to the accused. Therefore deleting it would not interfere with a defense, which is what led to reversal in Spears.
¶ 19. One place to draw the line between proper and improper amendments  between surplus and significant language  is on whether the allegedly surplus language in the charging instrument failed to identify any crime at all. There is a crime of attempted robbery and the situation here could be seen as simply the State's failure to properly charge it. A different kind of surplusage has occasionally been considered. For example, when because of an error by the legislature there was for a brief time no offense of possession of illegal drugs that included the element of an intent to sell those drugs, the "intent to sell" language could be stricken as surplusage and a conviction for possession sustained. Schloder v. State, 310 So.2d 721, 723-24 (Miss.1975). Similarly, when there was no offense of indecent assault, the indecency language could be stricken and a conviction for assault upheld. Crawford v. State, 146 Miss. 540, 546, 112 So. 681, 682 (1927).
¶ 20. We are convinced that the suggested distinction is not the proper one on what is surplus and what is not. The concept of surplusage in indictments is nothing more than a specific category of matters of form that may validly be the subject of amendment if an issue is raised. Since Neal's defense was not affected by the word "attempt," that word may be considered surplusage. By deleting "attempt," the Information validly charged Neal with simple robbery. Having been so charged, he could be convicted either of simple robbery or of attempted robbery.
¶ 21. A conviction of simple robbery could have resulted in a sentence of up to fifteen years. Miss.Code Ann. § 97-3-75 (Rev.2000). The range for a sentence of the attempt to commit any noncapital felony is the same as for the completed crime. Miss.Code Ann. § 97-1-7 (Rev.2000). Therefore there was no greater jeopardy arising from whether the actual crime was charged or only an attempt.
*470 ¶ 22. The trial court had jurisdiction to accept a plea for the crimes of robbery and manslaughter. We reverse his judgment of conviction and sentence for armed robbery, affirm on the lesser-included offense of robbery, and remand for sentencing for that crime. We note that sentencing must be consistent with such precedents as North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (a higher sentence after relief granted on appeal cannot be the result of vindictiveness).

ISSUE 2: Double Jeopardy
¶ 23. Neal argues that his constitutional protection against double jeopardy was violated. The basis of the argument is that the (armed) robbery for which he was convicted is a necessary element of the capital murder charge, which is a murder that occurs while in commission of another felony.
¶ 24. However, Neal was offered a chance to plead to manslaughter in lieu of capital murder. In the Information he was charged under Section 97-3-47, which labels manslaughter as a killing "by the act, procurement, or culpable negligence of another, and without authority of law," which is not punished under any other section of the penal code. That version of manslaughter does not contain as an element that the killing occur during the commission of some other crime. In addition, Neal was charged with attempted robbery. Neal seeks to argue his double jeopardy rights in the context of his having been convicted of capital murder and robbery, in which the robbery was a constituent element of the murder. Fuselier v. State, 654 So.2d 519, 522 (Miss.1995). That did not occur.

ISSUE 3: Involuntary Plea
¶ 25. Neal argues that he was not informed of the elements of the crimes. As a matter of federal constitutional law, a guilty plea is valid only if it is entered "voluntarily, knowingly, and intelligently, `with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005) (quoting Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).
¶ 26. The objective of this constitutional standard is to satisfy the due process requirement that a defendant receive "real notice of the true nature of the charge against him." Bousley v. United States, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quoting Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941)). The trial court accepting a guilty plea is responsible for assuring that a defendant entering a guilty plea actually understands the nature and elements of the crime for which a defendant is admitting guilt. A requirement for this objective to be met and therefore for a guilty plea to be valid, is that a defendant is informed of the elements of the crime. Stumpf, 125 S.Ct. at 2405. A court accepting a guilty plea does not need to explain the crime's elements to the defendant on the record but can satisfy this constitutional prerequisite by other means, such as counsel's representing to the court that the elements of a crime have been explained to the defendant. Stumpf, 125 S.Ct. at 2405.
¶ 27. Regarding the crime of manslaughter, the elements were listed in the waiver of indictment and in the plea petition that Neal signed. Neal's attorney, Bass, certified that Neal was explained the contents of the waiver and plea petition. As to the crime of robbery, in the waiver of indictment Neal admitted to an "attempt to take, steal and carry away United States currency, the personal property of the said W.Q. Bradley." During the plea hearing the prosecution recited the evidence that would be offered at trial. He stated that the killing took place "while in *471 the commission of a robbery of Mr. W.Q. Bradley by using the weapon of a 12-gauge pump shotgun." Bass, in signing Neal's waiver of indictment, certified to the court that these elements had been explained to Neal. Neal then represented to the court that this Information was true.
¶ 28. Neal was informed of the elements of both offenses. The trial court assured itself that these elements had been explained prior to accepting Neal's guilty plea. The specific elements appeared on several documents that Neal signed.
¶ 29. Neal also makes some effort to allege ineffective assistance of counsel. We find reasonable representation, no errors on this record, and a rather favorable plea bargain based on the nature of the offenses originally charged.
¶ 30. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF COUNT I MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED; THE JUDGMENT OF CONVICTION OF COUNT II FOR ARMED ROBBERY IS REVERSED, AND RENDERED AS A CONVICTION FOR ROBBERY, AND THE CAUSE IS REMANDED FOR SENTENCING AND ANY OTHER NECESSARY PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Whenever we refer to the Information which was the charging instrument in this case or generically to that type of charging document, we will capitalize the word for purposes of clarity.