## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00982-COA

KELLY MANN A/K/A KELLY M. MANN                              APPELLANT

v.

STATE OF MISSISSIPPI                                        APPELLEE

DATE OF JUDGMENT:            05/15/2013
TRIAL JUDGE:                 HON. MARCUS D. GORDON
COURT FROM WHICH APPEALED:   LEAKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      KELLY MANN (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: BILLY L. GORE
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:     MOTION FOR POST-CONVICTION RELIEF
                             DISMISSED
DISPOSITION:                 AFFIRMED: 06/30/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND MAXWELL, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Kelly Mann was indicted on May 5, 1993, for capital murder, while "engaged in the commission of the crime of robbery[.]"  On August 9, 1993, based on the State's recommendation, Mann pleaded guilty to lesser charges of simple murder and armed robbery. For the murder count, he was sentenced to life in the custody of the Mississippi Department of Corrections.  For the armed-robbery conviction, he was sentenced to serve forty years, with the sentence to run consecutively to the life sentence imposed for the murder conviction.

¶2.     This is Mann's fifth motion for post-conviction relief (PCR).  Mann's first PCR

motion, filed on October 27, 1994, alleged that (1) his guilty plea was involuntary, (2) counsel's performance was ineffective, and (3) his conviction and sentence for murder and armed robbery subjected him to double jeopardy. He also contended that it was reversible error to allow him to plead guilty to armed robbery when he was not indicted for that crime. The motion was denied by the trial court after an evidentiary hearing. The Mississippi Supreme Court, in an unpublished opinion, affirmed the trial court's denial of the PCR motion. *See Mann v. State*, 95-CA-00598-SCT, 703 So. 2d 861 (Nov. 6, 1997). Mann filed a second PCR motion in June 1999, which the trial court denied on March 16, 2000.

¶3. On August 7, 2006, Mann filed a third PCR motion, again seeking to vacate and set aside his conviction and sentence for armed robbery. The trial court dismissed the motion, finding it untimely and successive. *See* Miss. Code Ann. § 99- 39-5(2) (Supp. 2014); Miss. Code Ann. § 99-39-26(6) (Supp. 2014). This Court affirmed the dismissal on February 3, 2009. *See Mann v. State*, 2 So. 3d 743, 746 (¶11) (Miss. Ct. App. 2009).

¶4. Mann filed a fourth PCR motion on January 19, 2010, which was also denied by the trial court. On November 1, 2011, this Court affirmed the denial of the motion, finding that the PCR motion was time-barred and successive and that the proffered newly discovered evidence did not trigger an exception to these procedural bars. *See Mann v. State*, 73 So. 3d 564, 565-67 (¶¶6-12) (Miss. Ct. App. 2011).

¶5. On March 28, 2013, Mann filed his fifth PCR motion, claiming that the trial court "lacked subject matter [jurisdiction] over the offense of armed robbery, which the indictment

2

failed to charge[,] therefore, imposing an illegal sentence." He also argued he was denied

due process because his indictment failed to charge the essential elements of armed robbery.

Therefore, he requested that the trial court vacate his conviction for armed robbery and

resentence him for simple robbery.[1] The trial court appointed counsel to represent Mann.

After a hearing on May 9, 2013, the circuit court dismissed the motion, holding:

> I recall very well the sentencing of this Defendant, and as argued by the District Attorney, there was not a single person in this [c]ourtroom at that time who did not know that he was pleading guilty to the crime of murder and to the crime of armed robbery. . . . I don't see how in the world he can avoid getting around his Petition to Plead Guilty where in there[,] on at least three occasions, he stated that he was pleading guilty to the crime[s] of murder and armed robbery in 1993.

¶6.     Mann now appeals the dismissal of his motion, again claiming that his indictment

failed to charge the essential elements of armed robbery and that his counsel's performance

was ineffective. Under the facts presented, we find Mann's fifth PCR motion is not exempt

from the procedural bars, and affirm the trial court's dismissal of the motion.

## STANDARD OF REVIEW

¶7.     A circuit court may summarily dismiss a PCR motion without an evidentiary hearing

---

[1] On May 21, 2010, the trial judge had ordered that all future requests for PCR relief by Mann "be approved" by the trial court before filing the motion with the circuit clerk. On March 27, 2012, Mann requested that the judge allow him to file a PCR motion, but the judge denied the request. Mann filed a petition for a writ of mandamus with the Mississippi Supreme Court to require the trial court to consider his PCR motion. The supreme court granted Mann's motion on March 27, 2013, stating that a trial judge "cannot require a defendant to obtain the judge's permission to file a petition for post-conviction collateral relief."

"[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Supp. 2014). Unless the circuit court's factual findings are found to be clearly erroneous, they will not be disturbed on appeal. *Boone v. State*, 148 So. 3d 377, 379 (¶6) (Miss. Ct. App. 2014) (citing *Jackson v. State,* 67 So. 3d 725, 730 (¶16) (Miss. 2011)). "Questions of law are reviewed de novo." *Id.*

## DISCUSSION

¶8.    The indictment charged Mann with capital murder, with the underlying predicate offense of robbery, stating that Mann, along with his accomplice, Truman Brantley, "did willfully, unlawfully, feloniously, and without the authority of law, and of their malice aforethought, kill and murder Bernard Sanders, a human being, while they . . . were then and there engaged in the commission of the crime of robbery[.]" Mann claims that because the indictment failed to charge him with the essential elements of armed robbery, he was deprived of due process. He argues that due to this failure to indict him for armed robbery, the trial court lacked subject-matter jurisdiction; therefore, he was subjected to an illegal sentence. Mann also asserts a claim of ineffective assistance of counsel.

¶9.    This is not the first time our appellate courts have addressed these claims by Mann. In its 1997 (unpublished) opinion, our supreme court noted that Mann had argued it was "reversible error" for the trial court to "allow[] him to plead guilty to the crime of armed robbery when he was not indicted for the crime of armed robbery." *Mann*, 95-CA-00598-

4

SCT, at *12. The court concluded that Mann was "obviously aware he was being charged with both simple murder and armed robbery," and it upheld the trial court's denial of Mann's PCR motion, stating:

> [I]n order to avoid being subjected to capital punishment, Mann benefitted from the entry of a plea bargain and entered a plea of guilty to one count of simple murder and one count of armed robbery. . . . [A]t the guilty plea hearing, Mann was *obviously aware that he was being charged with both simple murder and armed robbery because he specifically stated that he was pleading guilty to both crimes*. . . . Therefore, we find that where Mann was given sufficient notice from the indictment charging capital murder that he could also be charged with the underlying felony of robbery, *the trial court did not err by accepting the defendant's voluntary plea of guilty to the lesser offenses of simple murder and armed robbery*.

*Mann*, 95-CA-00598-SCT, at *15 (emphasis added). The supreme court also found Mann's claim of ineffective assistance of counsel to be without merit. *Id*. at *11. In his third PCR motion, Mann asserted that he was serving an illegal sentence for armed robbery. *See Mann*, 2 So. 3d at 744 (¶1). This Court held that Mann's claims had been addressed by the supreme court in its 1997 opinion and that they were "barred as a successive writ." *Id*. at 746 (¶10).

¶10. "When a subsequent PCR motion is filed, 'the burden falls on the movant to show he has met a statutory exception.'" *Williams v. State*, 110 So. 3d 840, 843 (¶15) (Miss. Ct. App. 2013) (quoting *White v. State,* 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011)). Acknowledging that his motion is untimely and a successive writ, Mann argues that an intervening decision exempts his claims from procedural bars. Mississippi Code Annotated sections 99-39-5 and 99-39-23 (Supp. 2014) provide that an intervening decision of the United States Supreme Court or the Mississippi Supreme Court, which would adversely

5

affect the outcome of a conviction or sentence, is an exception to the respective procedural bars. Specifically, Mann cites *Neal v. State*, 936 So. 2d 463 (Miss. Ct. App. 2006), a case in which this Court reversed the defendant's conviction for armed robbery, because he had not been charged with that offense, and remanded for sentencing on the lesser-included offense of robbery contained in the indictment. However, since *Neal* is a Court of Appeals case, it is not an intervening decision under the statutes and, therefore, does not provide Mann with any relief from the procedural bars. Furthermore, as the State confessed error in *Neal*, conceding "that Neal, despite his plea, could not be convicted of armed robbery," it is distinguishable from the present case.[2] *Id*. at 466 (¶8). Our Court specifically stated: "We look no further than the State's concession in deciding that Neal, despite his plea, could not be convicted of armed robbery." *Id*.

¶11. In its 1997 decision addressing Mann's first PCR motion, our supreme court ruled on the issues brought in the present appeal, stating that because Mann "was given sufficient notice from the indictment charging capital murder that he could also be charged with the underlying felony of robbery, the trial court did not err by accepting the defendant's voluntary plea of guilty to the lesser offenses of simple murder and armed robbery." *Mann*, 95-CA-00598-SCT, at *15. As an intermediate appellate court, we are not at liberty to overrule the supreme court's decision. *See Miles v. State*, 864 So. 2d 963, 965-66 (¶8) (Miss.

_____

[2] As the supreme court's decision in *Mann*, 95-CA-00598-SCT, was not designated for publication, the State could not have cited that decision to support a contrary position in *Neal*. *See* M.R.A.P. 35-A.

Ct. App. 2003) ("We as an intermediate appellate court do not have the authority to overrule a decision of our supreme court."); *Kennedy v. State*, 766 So. 2d 64, 65 (¶3) (Miss. Ct. App. 2000) ("This Court, sitting as an intermediate appellate court, is obligated to follow precedent established by the Mississippi Supreme Court.").

¶12.    Accordingly, we affirm the trial court's dismissal of the PCR motion, as Mann's claims are procedurally barred.

¶13.    **THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**